UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| MELINDA CARUTHERS, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 3:23-CV-065-KAC-DCP |
|  | ) |  |
| STATE OF TENNESSEE BOARD OF | ) |  |
| PAROLE and TENNESSEE | ) |  |
| DEPARTMENT OF CORRECTION, | ) |  |
|  | ) |  |
| Respondents. | ) |  |

## **MEMORANDUM OPINION AND ORDER**

Melinda Caruthers, a convicted Tennessee Department of Correction prisoner housed in the Knox County Detention Center, filed (1) a hand-written document titled "Motion [for] Writ of Certiorari" [Doc. 1], (2) various exhibits [Doc. 1-1], (3) a cover letter [Doc. 1-2], (4) a motion for a transcript [Doc. 2], and (5) a motion for leave to proceed *in forma pauperis* [Doc. 5]. Upon initial review, the Clerk docketed this case as an action for violation of 42 U.S.C. § 1983.[1] Because it appears that Caruthers did not intend to file a federal action, the Court directs the Clerk to send Caruthers's filings [Docs. 1, 2, and 5] to the Knox County District Attorney's Office, the State of

---

[1] It does not appear that Ms. Caruthers intended to file any action in this Court. But to the extent that she did so or will do so in the future, it is likely that her claims challenging a denial of parole and the calculation of her sentence [Doc. 1 at 1-8] fall under 28 U.S.C. § 2241, not Section 1983. *See Murphy v. Dep't of Corr.*, No. 3:19-CV-00487, 2019 WL 4167343, at *1-2 (M.D. Tenn. Sept. 3, 2019) (citing *Ali v. Tenn. Bd. of Pardon and Paroles*, 431 F.3d 896, 896 (6th Cir. 2005) (addressing state prisoner's claim arising out of parole denial under § 2241); *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 372 (6th Cir. 2001) (examining a Section 2241 petition asserting a claim regarding sentence credits); *but see Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006) (providing that "there exists some question whether state prisoners may ever proceed under § 2241")). And to the extent that Ms. Caruthers challenges the effectiveness of her counsel, [Doc. 1 at 7], such a claim would likely fall under 28 U.S.C. § 2254.

Tennessee Board of Parole Office ("BOPO"), and the Knox County Circuit Court, and the Court dismisses this federal action without prejudice.

The items Caruthers filed with this Court indicate that she intended to file (1) an appeal of the decision denying her parole with the BOPO and/or (2) a state action seeking judicial review of the denial of parole and the calculation of her sentence with the Knox County District Attorney's Office, the Knox County Circuit Court, and/or the BOPO. First, Caruthers addressed her "Motion [for] Writ of Certiorari" to the "District Attorney's Office of East Tennessee" [*See* Doc. 1 at 1]. Second, she addressed the envelope for this Motion to the "District Attorney's Office, Eastern District Court, Clerk for Filing Writs" and mailed it to "800 Market Street, #311, Knoxville, TN 37902" [Doc. 1-3], which is the published address for the Knoxville office of the United States Probation and Pretrial Services for the Eastern District of Tennessee. *See* https://www.tnep.uscourts.gov/ (last visited Feb. 28, 2023). Petitioner also specified in her Motion that she certifies that she is filing the Motion "with the DA, Circuit, and Parole Board areas" [Doc. 1 at 8]. Additionally, Petitioner sent two letters addressed to the "Circuit Clerk" with her "Motion [for] Writ of Certiorari" [Doc. 1-2; Doc. 2]. This suggests that Caruthers is attempting to comply with the Tennessee statutes governing state judicial review of the BOPO's denial of parole. *See* Tenn. Code Ann. §§ 27-9-101, 102, 103 (together providing that an "aggrieved" party may seek judicial review of a final order or decision of a Tennessee board or commission by "fil[ing] a petition of certiorari in the chancery court" where the petitioner or any material defendant resides, and that the circuit court has concurrent jurisdiction over such a petition). Accordingly, the Court

**DISMISSES** this purported Section 1983 action **without prejudice** because it does not appear that Plaintiff intended to file a Section 1983 action in this federal court.[2]

Because the Court dismisses this action, it must consider whether to issue a certificate of appealability ("COA"), should Caruthers file a notice of appeal. A petitioner may appeal a final order in a habeas corpus case only if she is issued a COA, and a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C.

---

[2] If Caruthers had intended to file claims with this Court, it is likely that the Court would consider those claims to be seeking habeas corpus relief under Section 2241 and Section 2254. However, it does not appear that Caruthers exhausted her available state court remedies for any such claims prior to filing this action, as is required by law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 845 (1999); *Shah v. Quintana,* No. 17-5053, 2017 WL 7000265, at *1 (6th Cir. July 17, 2017) (providing that "a sua sponte dismissal [of a habeas corpus petition] . . . may be appropriate where a petitioner's failure to exhaust is apparent from the face of the pleading itself"). The BOPO's "Offender Hearing Decision Notification" that Caruthers filed with her Motion indicates that Caruthers received that document on December 16, 2022, and provides that she had forty-five (45) days, or up to and including January 31, 2023, to file an appeal of that decision [Doc. 1-1 at 5]. *See* Tenn. R. Civ. 6.01. Under Tennessee law, Caruthers had sixty (60) days to seek judicial review of any final order or judgment denying her parole by filing "a petition of certiorari" with the Knox County Chancery or Circuit Court. *See* Tenn. Code Ann. §§ 27-9-101, 102, 103. Thus, the fact that Caruthers's filing that initiated this action was a motion a writ of certiorari that she signed on January 30, 2023 [Doc. 1 at 8] both (1) supports the Court's finding that Caruthers did not intend to file this action with this Court as set forth above and (2) demonstrates that Caruthers had not exhausted her available state court remedies prior to filing this action.

Also, while Caruthers claims in her motion for a writ of certiorari that she "exhaust[ed] all means of communication and appropriate outlets" regarding her sentencing computation claim, nothing in this filing suggests that she filed a motion for relief under Tennessee Rule of Criminal Procedure 36 with the trial court, which the Tennessee Supreme Court has concluded is the correct way to challenge an award of pretrial jail credits. *See Murphy*, 2019 WL 4167343 at *1 (citing *Anderson v. Washburn*, No. M2018-0661-SC-R11-HC, --- S.W. 3d ---, 2019 WL 3071311, at *1 (Tenn. June 27, 2019)). And, to the extent that Caruthers challenges her sentence expiration date and/or her sentence reduction credits, it likewise does not appear that she has exhausted her available state court remedies for such a claim. *See id.* at *2 (summarizing the available state court remedies for such claims under Tennessee law) (citations omitted). Similarly, nothing in Caruthers's Motion suggests that she exhausted her available state court remedies for any ineffective assistance of counsel claim. *See, e.g.*, Tenn. Code Ann. §§ 40-30-101, 102, 103 (together providing that a Tennessee prisoner in custody pursuant to a state court judgment may file an action for post-conviction relief, and that such relief "shall be granted when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States.").

§ 2253(c). Where the district court rejects a habeas corpus petition on a procedural basis, a COA shall issue only where "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not debate the Court's procedural ruling that Caruthers did not intend to file this action in this Court, a COA will not issue.

Accordingly, for the reasons set forth above:

1. The Court DIRECTS the Clerk to send Caruthers's filings [Docs. 1, 2, and 5] to the Knox County District Attorney's Office, the BOPO, and the Knox County Circuit Court;

2. The Court **DISMISSES this action without prejudice**;

3. A COA **SHALL NOT** issue; and

4. The Court **CERTIFIES** that any appeal in this matter would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Because the Court has **CERTIFIED** that any appeal from this Memorandum Opinion and Order would not be taken in good faith, should Caruthers file a notice of appeal, she is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

**SO ORDERED.**

**ENTER:**

                                         s/ Katherine A. Crytzer
                                        KATHERINE A. CRYTZER
                                        United States District Judge